Dear Senator Scott:
This letter is in response to your request for an opinion of this office asking:
 Since the approval of Proposition #2, the question is:
 Can the administration of the affairs of the Ports be taken away from the Highway Department and placed under the administration of the Commerce and Industrial Development Department by statute or does it require a constitutional amendment?
We understand your question to essentially ask whether the Division of Commerce and Industrial Development of the Department of Consumer Affairs, Regulation and Licensing, can constitutionally be substituted by legislation for the "Transportation Commission" as that term is used in Chapter 68, RSMo.
Under § 68.010, RSMo, the approval of the Transportation Commission is necessary for the authorization to certain cities or counties to form a local port authority. Under § 68.015, RSMo Supp. 1979, the approval of the Transportation Commission is necessary to establish or alter the boundaries of the port districts. Under subsection 2 of § 68.025, RSMo Supp. 1979, the approval of the Transportation Commission is necessary with respect to the extended direct operation of port facilities by a local port authority. Under § 68.035, RSMo Supp. 1979, the state appropriations to the state port fund are to be allocated by the Department of Transportation to local port authorities or regional port coordinating agencies.
Article IV, § 29, of the Missouri Constitution, as amended in 1979, provides in pertinent part:
 The highway and transportation commission shall have authority over all state transportation programs and facilities as provided by law, including, but not limited to bridges, highways, aviation, railroads, mass transportation, ports, and waterborne commerce, . . . .
Further, § 30(c) of Art. IV of the Missouri Constitution, as amended in 1979, provides in pertinent part:
 The highways and transportation commission shall have authority to locate, relocate, establish, acquire, construct, maintain, control, and as provided by law to operate, develop or fund public facilities as part of any state transportation program such as but not limited to aviation, mass transportation, railroads, ports, and waterborne commerce, . . . .
It is clear, of course, that the recent constitutional amendments to Art. IV, with respect to the Department and Commission of Highways and Transportation, abolished the Department of Transportation and the Transportation Commission and transferred the duties of that Department and Commission to the Department and Commission of Highways and Transportation. It also seems clear, and it is our view, that the Department and Commission of Highways and Transportation, under the above-quoted constitutional provisions, is the only Department or Commission which can constitutionally implement the duties of the former Department and Commission of Transportation under Chapter 68 with respect to port authorities.
Therefore, we conclude that the duties of the Department and Commission of Highways and Transportation, as provided in Chapter 68, RSMo, as amended, cannot be placed in the Division of Commerce and Industrial Development by statute because of the provisions of §§ 29 and 30(c) of Art. IV of the Missouri Constitution.
Very truly yours,
 JOHN ASHCROFT Attorney General